IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| QUINTAVIOUS M. LANDERS, Sr., | : | |
| Petitioner, | : | |
| v. | : | Case No. 4:24-cv-197-CDL-AGH |
| Sheriff GREG COUNTRYMAN, | : | |
| Respondent. | : | |

**ORDER**

*Pro se* Petitioner Quintavious M. Landers, Sr., a pre-trial detainee in the Muscogee County Jail in Columbus, Georgia, filed a petition for federal habeas corpus relief (ECF No. 1) and paid the filing fee. As explained below, if Petitioner wishes to proceed with a federal habeas action, he must recast his Petition within fourteen days.

It does not appear from the filings that Petitioner attempted to challenge his pre-trial incarceration and/or any decisions or actions of the state court in the state courts prior to the filing of his present petition for federal relief. *See* Pet., ECF No. 1. Petitioner is advised that he must exhaust all available state court remedies before he may go forward with an application for habeas corpus in federal court. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004)

(holding that administrative exhaustion is required "in all habeas cases," including those brought under §2241), *abrogated in part on other grounds as recognized by Santiago-Lugo v. Warden*, 785 F.3d 467, 475, 475 n.5 (11th Cir. 2015) (holding that a failure to exhaust in a § 2241 proceeding is not jurisdictional, but is still judicially required). "[T]he purpose of the exhaustion requirement is to afford the state court 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Johnson v. Fla.*, 32 F.4th 1092, 1096 (11th Cir. 2022) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). "The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden*, 410 U.S. at 490–91).

Petitioner can pursue a petition for writ of habeas corpus in the Georgia state courts concerning his pretrial incarceration. *See e.g., Mullinax v. State*, 271 Ga. 112 (1999); *Hughes v. Coursey*, No. CV 110-077, 2010 WL 3338696, at *2 (S.D. Ga. July 27, 2010) (citing *Mullinax*, 271 Ga. at 112, and *Bozzuto v. State*, 276 Ga. App. 614 (Ga. Ct. App. 2005)) ("In Georgia, the proper method for challenging improper pre-trial detention . . . is a state petition for a writ of habeas corpus."). Furthermore, to properly exhaust, he must also present his claims to the highest court in the state, either on direct appeal or state collateral review, even if the review in the state supreme court is discretionary. *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (citations omitted) (holding that a petitioner fails to "exhaust his state remedies by

2

failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition.").

Here, Petitioner has not demonstrated that he pursued and exhausted his state court remedies, and thus his present federal petition is likely subject to dismissal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Johnson*, 32 F.4th at 1095-96 (citations omitted) ("It is by now well established that a district court may not grant a § 2241 petition 'unless the petitioner has exhausted all available state remedies.'").

If Petitioner has not exhausted his state remedies, he can request that this action be dismissed without prejudice to allow for such state court exhaustion.[1] However, if Petitioner has pursued his superior court and/or state appellate court remedies and wishes to proceed with a federal habeas action then he is **ORDERED** to recast his Petition on the Court's standard form for § 2241 habeas actions and include detailed information regarding any motions, appeals, and/or state habeas petitions that he filed in any superior court, the Georgia Court of Appeals, the Supreme Court of Georgia, or any other appellate court, the case numbers of each, and the outcome of each case.

---

[1] Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Thus, Petitioner may file with this Court a request for voluntary dismissal so that he may then pursue his state remedies and this Court would dismiss Petitioner's action without prejudice.

3

Petitioner has **FOURTEEN (14) DAYS** from the date shown on this Order to recast his Petition on the Court's standard form as instructed above. The Clerk is **DIRECTED** to mail to Petitioner the standard § 2241 petition form marked with the case number for this action for his use in complying with this Order. Petitioner must keep the Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 10th day of March, 2025.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE